# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DAMON M. GARDNER,

     *Plaintiff*,

*v.*                       CASE NO. 11-CV-11380

COMMISSIONER OF         DISTRICT JUDGE PATRICK J. DUGGAN
SOCIAL SECURITY,        MAGISTRATE JUDGE CHARLES E. BINDER

     *Defendant*.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion to dismiss be **GRANTED.**

## II.    REPORT

### A.    Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for determination of all non-dispositive motions and for issuance of a Report and Recommendation regarding any dispositive motions. (Doc. 4.) On July 5, 2011, Defendant filed a motion to dismiss in lieu of filing an answer, contending that Plaintiff failed to file the instant action within the sixty-day period required by 42

---

[1]The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

U.S.C. § 405(g). (Doc. 10.) Plaintiff was ordered to respond to the motion on or before August 5, 2011. (Doc. 11.) No response was filed. The Court then ordered Plaintiff to show cause why the complaint should not be dismissed for want of prosecution. (Doc. 12.) On August 31, 2011, Plaintiff filed a response to the order to show cause that also addressed the merits of Defendant's motion to dismiss. (Doc. 13.) Thus, the motion to dismiss is ready for Report and Recommendation.

On November 18, 2009, an administrative law judge ("ALJ") issued an opinion denying Plaintiff's claim for benefits under Title II but granting his claim for benefits under Title XVI of the Social Security Act. (Doc. 10, Ex. 1, Decl. of Patrick J. Herbst, Court Case Prep. & Review Branch 3, Office of Disab. Adjud. & Review, S.S.A. ¶ 3.) On December 15, 2010, the Appeals Council denied Plaintiff's request for review and notified Plaintiff that he had sixty days to file a civil action seeking court review of the Appeals Council decision. (Doc. 10 at Ex. 2.) Plaintiff filed the instant action on April 1, 2011, which was more than 100 days later.

### B.    Governing Law

A social security claimant is first entitled to an initial determination by the Social Security Administration ("SSA") regarding disability. 42 U.S.C. § 421(a); 20 C.F.R. § 404.1503. If dissatisfied, a claimant may then request a *de novo* reconsideration of that determination. 20 C.F.R. §§ 404.907-921. If still dissatisfied, the claimant is entitled to an evidentiary hearing and a *de novo* review before an Administrative Law Judge ("ALJ"). 42 U.S.C. § 405(c); 20 C.F.R. §§ 404.929-961. If still dissatisfied, the claimant is entitled to a fourth review by appealing to the Appeals Council within 60 days of receiving notice of an unfavorable decision by an ALJ after a hearing. 20 C.F.R. §§ 404.967-983.

If the claimant's appeal is denied or if the Appeals Council renders an unfavorable decision, Section 205(g) of the Social Security Act creates a right to district court review of final decisions of the Commissioner by a civil action "commenced within sixty days after the mailing to [the plaintiff] of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). "Although § 405(g) uses the word 'mailing,' the regulations clarify that the 60-day period begins five days after the date of the denial notice." *Cook v. Commissioner*, 480 F.3d 432, 436 (6th Cir. 2007) (citing 20 C.F.R. § 422.210(c)).

The Sixth Circuit recognizes that "the date for filing a Social Security complaint runs from the date that the applicant receives the SSA's denial notice, not from the date of mailing." *Cook*, 480 F.3d at 436. Plaintiff's date of receipt of the notice is presumed to be five days after mailing. *Id. See also* 20 C.F.R. §§ 404.901, 422.210(c).

"When a defendant moves to dismiss for lack of subject-matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007).

## C.    Analysis and Conclusions

Plaintiff did not submit any evidence rebutting the presumption that he received the Appeals Council's notice on December 20, 2010. Therefore, Plaintiff was required to file this lawsuit no later than February 18, 2011. However, Plaintiff did not file his complaint until April 1, 2011. Plaintiff contends that he was delayed because he did not receive medication of sufficient strength to control his pain (Doc. 13 at 1) and  because he was awaiting a response from the attorney that he hoped would represent him. (*Id*. at 2.)

Although Plaintiff does not use the appropriate term, it appears that he seeks equitable tolling of the statute of limitations so as to excuse the late filing. However, Plaintiff has failed to

submit any evidence establishing a proper factual basis for equitable tolling. *See Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006) ("Arguments in the parties' briefs are not evidence."). The only attachments to his response are a "Guide" to Michigan medicaid health insurance providers and a prescription receipt for an unspecified medication that has an effective date of June 1, 2011, which was almost 4 months after the deadline for filing the federal court action.

As to Plaintiff's assertions relating to his efforts to secure counsel, even assuming, *arguendo,* that Plaintiff had submitted affidavits establishing that he received deficient or erroneous legal advice, his attorney's error would not establish a basis for equitable tolling. It is a plaintiff's burden to submit evidence demonstrating "exceptional circumstances warranting equitable tolling." *Kellum v. Comm'r of Soc. Sec.,* 295 Fed. App'x 47, 49 (6th Cir. 2008). "Equitable tolling generally applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 50 (quoting *Graham-Humphries v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The result would be the same even if Plaintiff had secured representation and his attorney failed to file a timely complaint. *See Kellum*, 295 Fed. App'x at 50 ("the actions of a privately retained attorney are imputed to the client[;] . . . this case will serve as yet another 'classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits'"); *Schreiber v. Moe*, 320 Fed. App'x 312, 321 n.6 (6th Cir. 2008) (Plaintiff "'voluntarily chose this attorney as his representative . . . and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.'").

I therefore suggest that Plaintiff has not established grounds for equitable tolling of the statute of limitations. Consequently, I suggest that the Court grant Defendant's motion to dismiss for lack of subject matter jurisdiction.

## III.   <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/ Charles E Binder
                                        CHARLES E. BINDER
Dated: September 8, 2011                 United States Magistrate Judge

### <u>CERTIFICATION</u>

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served upon counsel of record via the Court's ECF system, and was mailed by the U.S. Postal Service to the following non-ECF participant: Damon M. Gardner, 252 Monterey St., Highland Park, MI 48203.

Date:  September 8, 2011                 By     s/Patricia T. Morris
                                         Law Clerk to Magistrate Judge Binder